## William Henderson v. W. W. Tobey.

1. VERDICT—*when, not disturbed.* Where the evidence is conflicting, it is the peculiar province of the jury, who are the sole judges of the credibility of the witnesses and the weight to be given to their testimony, to determine where the truth lies, and where no error intervenes in the trial calculated to prejudice the rights of the defeated party and there is nothing in the record tending to show that the jury was actuated by passion, prejudice or partiality, or that their verdict was the result of mistake, a judgment in accordance with their verdict should not be disturbed by a court of review.

Action of covenant. Appeal from the Circuit Court of Vermilion County; the Hon. J. W. CRAIG, Sr., Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

D. D. EVANS and G. M. MACDOWELL, for appellant.

O. M. JONES, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in covenant upon a warranty deed.

The grantor, appellant, neglected to pay certain taxes, amounting to $124.30, which were a lien upon the property conveyed, and the grantee, appellee, was compelled to pay them. Appellee brought this suit to recover the amount of the same. The case was tried by a jury and judgment rendered for plaintiff for the amount of the taxes, whereupon the defendant appealed to this court.

No question is raised as to the propriety or sufficiency of the pleadings, and it is admitted by counsel that the only issue of fact presented thereby, is whether or not appellee, prior to the delivery of the deed, agreed to pay the taxes in question. The burden of establishing this issue was upon the appellant.

It is insisted that the verdict of the jury is contrary to the clear preponderance of the evidence. Appellant testified that during the negotiations just prior to the delivery of the deed he asked appellee if he would pay the taxes on the land, and that appellee agreed to do so. On the other hand appellee testified that while the question was asked, he declined to agree to pay them. Appellant's version of the conversation is substantially corroborated by two other witnesses, while that of appellee is not directly corroborated. From an examination of the printed record it would seem that the evidence would better support a verdict for the appellant. Our opportunities for determining where the truth lies, are not, however, equal to those enjoyed by the jury and trial judge, who had the superior advantage of seeing the witnesses on the stand and hearing them testify. Where the evidence is conflicting, as in this case, it is the peculiar province of the jury, who are the sole judges of the credibility of the witnesses and the weight to be given to their testimony, to determine where the truth lies, and where no error intervenes in the trial calculated to prejudice the rights of the defeated party, and there is nothing in the record tending to show that the jury was actuated by passion, prejudice or partiality, or that their verdict was the result of mistake, a judgment in accordance with their verdict should not be disturbed by

a court of review. We have carefully examined the record and are of opinion that the trial court committed no prejudicial error in its rulings upon the admissibility of evidence or upon the instructions offered, by which the jury could have been misled, nor do we think that the verdict is so contrary to the weight of the evidence as to warrant the belief that the jury were influenced by improper motives or that their verdict was the result of mistake.

The judgment will accordingly be affirmed.

*Affirmed.*